JS 44   (Rev. 12/12)

**CMR**

# CIVIL COVER SHEET

2:15-cv-5745

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>1. Samantha Hines; 2. Eric Hines | **DEFENDANTS**<br>The Pros Entertainment Services   15   5745 |
| **(b)** County of Residence of First Listed Plaintiff  Prince George County MD<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Montgomery County<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Mark Rhoades, One Liberty Plaza, 1650 Market Street, 36th Floor,<br><br>Philadelphia, PA 19103, P: 215-496-9002 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☒ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| | | | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17 U.S.C. § 501

Brief description of cause:
Copyright violation, invasion of privacy for unlicensed use of wedding photos in publication

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  10/22/15

SIGNATURE OF ATTORNEY OF RECORD  *Mark Rhoades*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

OCT 22 2015

**CMR**

**UNITED STATES DISTRICT COURT**

15    5745

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Samantha and Eric Hines  11544 Waesche Dr Mitchellville MD 20721

Address of Defendant: 1800 Byberry Rd Suite 1401 Huntington Valley, PA 19004

Place of Accident, Incident or Transaction: Montgomery County, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __Copyright__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, __MARK L. RHOADES__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10-22-2015          _____          86041
                          Attorney-at-Law          Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-22-15          _____          86041
                        Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

OCT 22 2015



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Samantha Hines and
Eric Hines
11544 Waesche Dr.
Mitchellville, MD 20721

v.

The Pro's Entertainment
Services, Inc
1900 Byberry Rd
Suite 1401
Huntingdon Valley, PA
19006

CIVIL ACTION

NO.   **15   5745**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 10-22-15 | Mark Rhodes | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 - 496 - 9002 | | rhoades@rhodesllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 22 2015



**CMR**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMANTHA HINES and<br>ERIC HINES<br>11544 Waesche Drive<br>Mitchellville, MD 20721, | : <br>: <br>: <br>: <br>: | **15    5745** |
| *Plaintiffs,* | : | **Civil Action No.** _____ |
| v. | : <br>: | **JURY TRIAL DEMANDED** |
| | : | |
| THE PROS ENTERTAINMENT<br>SERVICES, INC.<br>1800 Byberry Road, Suite 1401<br>Huntingdon Valley, PA 19006, | : <br>: <br>: <br>: <br>: | |
| *Defendant.* | : | |

## COMPLAINT

Plaintiffs Samantha Hines and Eric Hines, by and through the undersigned counsel, hereby file this Complaint and alleges as follows:

### I.    INTRODUCTION

1.    This action arises from Defendant's willful and knowing violations of Plaintiffs' privacy and copyrights by publishing Plaintiffs' wedding photograph on promotional brochures despite informing Samantha Hines that her photographs would remain private and would not be used for promotional purposes.

### II.    PARTIES

2.    Plaintiff, Samantha Hines ("Mrs. Hines"), is a natural person who resides in the state of Maryland.  Mrs. Hines hired Defendant to provide photography services for her wedding in or around July 2014.

3.      Co-Plaintiff, Eric Hines ("Mr. Hines"), is a natural person who resides in the state of Maryland.  Mr. Hines is married to Plaintiff, Samantha Hines (collectively, "Plaintiffs").

4.      Defendant, The Pros Entertainment Services Inc., ("Defendant" or "The Pros") is a Pennsylvania corporation that provides professional wedding services such as photography. Defendant claims to be the first photography company to give the negatives and copyrights of photographs to the brides.  Defendant's principle place of business is 1800 Byberry Road, Suite 1401, Huntingdon Valley, PA 19006.

## III.    JURISDICTION

5.      This Court has jurisdiction over Plaintiff Mrs. Hines's copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(a).

## IV.    FACTS COMMON TO ALL COUNTS

8.      On or around December 31, 2013, Mrs. Hines made a deposit with The Pros for wedding photography services.

9.      On June 9, 2014, prior to the services being rendered, Mrs. Hines received an email from Wedding Advisor, Kym Smith ("Ms. Smith"), stating that it was "time to cross our t's and dot our i's."  In the email, Ms. Smith wrote "Your wedding photos may also be selected as a 'Photo of the Week' or a featured Wedding of the Month…."

10.     The same day, Mrs. Hines replied, "This looks great except I would like to opt out having any of my wedding photos used for any promotional use or usage outside of my private

collection for my groom and I.  We are private people and would not like any of our photos displayed to strangers."

11.     The following day, on or around June 10, 2014, Ms. Smith agreed and informed Mrs. Hines that The Pros would keep her photographs private and would not use them for promotional purposes.

12.     On or around July 12, 2014, the day of Plaintiffs' wedding, Defendant performed the photography services that Plaintiffs had requested and paid for in full.

13.     Mrs. Hines again requested that her photographs remain private on or around July 30, 2014.  In response, Ms. Smith reassured Mrs. Hines that the photographs would be private and not used for promotional purposes.  Ms. Smith provided Mrs. Hines with a password so she could access her photographs online to preserve their confidentiality.

14.     In or around June 2015, Plaintiffs saw one of Defendant's wedding brochures that had Plaintiffs' wedding photograph on the cover, despite the fact that Plaintiffs had been assured that their photographs would remain private and would not be used for promotional purposes.

15.     Defendant knew Plaintiffs owned the copyright of the photographs as Defendant's own website boasts:  "In 1991, we began offering photography as the first company to give the negatives and copyrights to our brides." (emphasis added).

16.     After discovering this infringement, Mrs. Hines registered her photographs with the United States Copyright Office on or around July 1, 2015.

## V.    CAUSES OF ACTION

### COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

#### Mrs. Hines against Defendant

17.    This paragraph reincorporates paragraphs 1-16 of this Complaint as though more fully set forth herein.

18.    Mrs. Hines registered her photograph with the United States Copyright Office on or around July 1, 2015.

19.    Defendant violated the exclusive rights of Mrs. Hines as the copyright owner by publishing Mrs. Hines's photograph on the promotional brochure.

20.    Defendant's acts of infringement were willful, intentional, and purposeful, in blatant disregard of Mrs. Hines's rights.

21.    Mrs. Hines is entitled to Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

22.    **WHEREFORE**, Mrs. Hines is entitled to actual damages and profits or statutory damages, as well as attorneys' fees and costs pursuant to 17 U.S.C. § 505, under Count I of this Complaint.

### COUNT II

### INVASION OF PRIVACY – Misappropriation of Likeness

#### Mr. and Mrs. Hines against Defendant

23.    This paragraph reincorporates paragraphs 1-22 of this Complaint as though more fully set forth herein.

4

24.     Defendant appropriated to its use and benefit Plaintiffs' likenesses without their consent or permission.

25.     Defendant deliberately used Plaintiffs' likenesses to promote its company and for its own financial interest, knowing that it did not have the permission or consent to do so.

26.     Defendant misappropriation of Plaintiffs' likenesses was not for a newsworthy purpose.

27.     Defendant derived or intended to derive financial advantage or benefit from the unauthorized use of Plaintiffs' likenesses.

28.     Plaintiffs seeks damages for all injuries, damages and losses resulting from Defendant's misappropriation of their likeness and invasion of privacy including the fair market value for the use of their likeness and for emotional, pain, suffering and humiliation.

29.     Plaintiffs also seeks injunctive relief in the form of an order requiring Defendant to cease and desist from using Plaintiffs' likenesses on any advertising or promotional material in connection with any of its products.

30.     **WHEREFORE**, Plaintiffs demand injunctive relief and damages against the Defendant in an amount to be terminated at trial, together with interest, punitive damages, an award of attorneys' fees, and such other relief as this Court deems just and necessary.

## COUNT III

### MISAPPROPRIATION OF RIGHT OF PUBLICITY

### Mr. and Mrs. Hines against Defendant

31.     This paragraph reincorporates paragraphs 1-30 of this Complaint as though more fully set forth herein.

32.     By using Plaintiffs' photograph on an advertising brochure, Defendant has used for commercial purposes Plaintiffs' image and identity without Plaintiffs' consent. This use is in violation of Plaintiffs' exclusive right to control the commercial value of their likeness.

33.     Plaintiffs seeks damages for all injuries, damages and losses resulting from Defendant's misappropriation of her right of publicity including the fair market value for the use of their likenesses and for emotional, pain, suffering and humiliation.

34.     Plaintiffs also seeks injunctive relief in the form of an Order requiring Defendant to cease and desist from using Plaintiffs' likeness on any advertising or promotional material in connection with any of its products.

35.     **WHEREFORE**, Plaintiffs demand injunctive relief and damages against the Defendant in an amount to be terminated at trial, together with interest, punitive damages, an award of attorneys' fees, and such other relief as this Court deems just and necessary.

## COUNT IV

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. §§ 201-1 *et seq.*)

#### Mrs. Hines against Defendant

36.     This paragraph reincorporates paragraphs 1-35 of this Complaint as though more fully set forth herein.

37.     Mrs. Hines is a person as defined by 73 P.S. § 201-2(2).

38.     Defendant performed unfair or deceptive practices as defined by 73 P.S. §201-2(4)(v), (xiv), and/or (xxi) by representing to Mrs. Hines that her photographs would be private and then proceeding to use Mr. Hines's photograph on a promotional brochure.

39.     Mrs. Hines relied on Defendant's representations when she decided to make the final payment and have Defendant perform the contract by photographing her wedding. Mrs.

Hines did not pay Defendant the full amount until Defendant reassured her that her photographs would remain private.

40.     **WHEREFORE**, Mrs. Hines is entitled to a judgment against Defendant for three (3) times the actual damages or one hundred dollars ($100.00), whichever is greater, reasonable attorneys' fees and costs, and any other relief deemed necessary and proper pursuant to 73 P.S. § 201-9.2.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1.     Award Mrs. Hines actual damages and profits or statutory damages, as well as attorneys' fees and costs, pursuant to 17 U.S.C. § 505, under Count I of this Complaint;

2.     Award Plaintiffs injunctive relief and damages against Defendant in an amount to be terminated at trial, together with interest, punitive damages, an award of attorneys' fees under Count II of this Complaint;

3.     Award Plaintiffs injunctive relief and damages against Defendant in an amount to be terminated at trial, together with interest, punitive damages, an award of attorneys' fees under Count III of this Complaint;

4.     Award Mrs. Hines judgment against Defendant for three (3) times the actual damages or one hundred dollars ($100.00), whichever is greater, reasonable attorneys' fees and costs, and any other relief deemed necessary and proper pursuant to 73 P.S. § 201-9.2, under Count IV of this Complaint;

5.     Award Plaintiffs pre and post judgment interest; and

6.     Any other relief that this Court deems just and proper.

Respectfully submitted,

Mark L. Rhoades, Esquire (I.D. No. 80641)
**RHOADES LLC**
One Liberty Place, 36th Floor
1650 Market Street
Philadelphia, PA  19103
215-496-9002 telephone
rhoades@rhoadesllc.com

Counsel for Plaintiffs,
Samantha Hines and Eric Hines

Dated:  October 18, 2015